IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SAMUEL GREEN, )<br>)<br>Defendant. ) | Crim. No. 94-04-SLR |

**MEMORANDUM ORDER**

At Wilmington this 14th day of March, 2011, having considered defendant's motions and the papers submitted in connections therewith;

IT IS ORDERED that said motions (D.I. 96, 98) are denied for the reasons that follow:

1. On February 8, 1994, defendant Samuel Green ("movant") was indicted on charges related to illegal possession of a firearm and drug distribution. (D.I. 1) On March 17, 1994, the court denied movant's motion to suppress, finding the search warrant lawful. (D.I. 23)

2. Movant proceeded to trial and was found guilty on all counts of the indictment. He was sentenced to 360 months of imprisonment on count one of the indictment, 5 years consecutive imprisonment of count two, and 120 months concurrent imprisonment on count three. (D.I. 36)

3. The United States Court of Appeals for the Third Circuit affirmed the judgment on February 24, 1995. (D.I. 51) Movant petitioned for habeas corpus relief pursuant to 28 U.S.C. § 2255. (D.I. 54) On December 6, 1995, movant filed a "Motion

for Return of Personal Property." (D.I. 60, 61)

4. On March 25, 1997, the court denied movant's habeas petition, as well as his motion for return of property. The court found that the record demonstrated that movant's personal property was forfeited to the Wilmington Police Department by court order dated June 4, 1994. (D.I. 72)

5. After the Supreme Court's decision in *Bailey v. United States*, 516 U.S.137 (1995), the court resentenced movant, making his sentence of five years incarceration on count two concurrent with the sentences on counts one and three. (D.I. 82) On August 3, 2009, movant filed the motions at bar.

6. Movant evokes relief pursuant to 28 U.S.C. § 1651, for the issuance of a writ of audita querela that would compel law enforcement to return his personal property or be made to pay full market value for all the items. (D.I. 96) He contends that his property was forfeited without a full and fair hearing.

7. The Third Circuit has concluded that the "common law writ of audita querela permitted a defendant to obtain 'relief against a judgment or execution because of some defense or discharge arising subsequent to the rendition of the judgment.'" *Massey v. United States*, 581 F.3d 172, 174 (3d Cir. 2009) (citations omitted); *United States v. Jones*, 534 F. Supp.2d 465, 468 (D. Del. 2008). The writ is available in "criminal cases to the extent that it fills in gaps in the current system of post-conviction relief." *Id.* Considering that movant's arguments do not demonstrate a legal defect in his conviction, the motions are denied.

8. To the extent movant is attempting to proceed by writ of coram nobis under 28 U.S.C. § 1651, such relief is unavailable. The ancient writ of coram nobis is

2

available to permit a petitioner to "attack allegedly invalid convictions which have continuing consequences, when the petitioner has served his sentence and is no longer 'in custody' for purposes of § 2255." *United States v. Stoneman*, 870 F.2d 102, 105-06 (3d Cir. 1989). Since movant is presently in custody and not challenging his conviction, the petition is denied.

IT IS FURTHER ORDERED that movant's motion to stay (D.I. 105) the proceedings is denied, there being nothing presented to suggest that a stay would produce any evidence to change the conclusions set forth above.

United States District Judge